IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE LEVON GLOVER, § | | |
| Movant, § | | |
| § | | No. 3:22-cv-00537-O |
| v. § | | No. 3:15-cr-00094-O-1 |
| § | | |
| UNITED STATES of AMERICA, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

On February 27, 2022, Movant Andre Levon Glover initiated this civil action by filing a letter motion seeking additional time within which to file his motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 2). He claims that his prison, FCI Beaumont Medium, is on lockdown due to a nationwide lockdown caused by violence at Beaumont USP. *Id.* at 1. In support of Glover's claim that his facility is on lockdown, he has filed a memorandum from the U.S. Department of Justice. *Id.* at 2. For the following reasons, this case will be dismissed without prejudice for lack of jurisdiction.

### Background

Glover pleaded not guilty to the indictment charging crimes arising out of a series of robberies in the Dallas area in June 2014. He had a jury trial in November 2015, and he was convicted of seven counts in the indictment. On March 17, 2016, Glover was sentenced to an aggregate sentence of 498 months' imprisonment, and he was ordered to pay $7,044.80 in restitution. He appealed to the Fifth Circuit Court of Appeals. On January 31, 2017, the Fifth Circuit affirmed. Glover then filed a petition for writ of certiorari in the Supreme Court.

Following the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court remanded Glover's case to the Fifth Circuit Court of Appeals "for further consideration in light of" *Dimaya*. On November 12, 2019, the Fifth Circuit affirmed the District Court in part, vacated in part, and remanded the case for entry of a revised judgment and resentencing. The Fifth Circuit affirmed Glover's convictions and sentences except for count two, a conviction under 18 U.S.C. §§ 924(c)(1)(B)(i) and 2.

On March 2, 2020, Glover was resentenced. He was sentenced to 271 months' imprisonment, and he was again ordered to pay $7,044.80 in restitution. Glover appealed to the Fifth Circuit Court of Appeals. On March 26, 2021, the Fifth Circuit affirmed the District Court's judgment. On December 6, 2021, the Supreme Court denied Glover's petition for writ of certiorari. Finally, on March 4, 2022, the Court received Glover's pending letter motion.

## Discussion

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The exercise of federal jurisdiction under the Constitution therefore "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993) (quotation marks and bracket omitted). A federal district court lacks jurisdiction to entertain a motion for extension of time within which to file a § 2255 motion because it presents no case or controversy and would result in the rendering of an advisory

opinion.[1] *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (per curiam) ("The district court lacked jurisdiction to entertain [the] motion for extension of time to file a § 2255 motion.") (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003) (per curiam) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal quotation marks omitted).

At this time, Glover has not filed a § 2255 motion. Instead, he moves for an extension of time within which to file his § 2255 motion. He does not state any claims in his motion, but he argues that due to violence at Beaumont USP, his prison has been on lockdown. Glover claims that his § 2255 motion is due "sometime soon," but at present, he is only allowed to come out of his cell to shower every other day. He concludes that, considering these circumstances, he needs additional time to file his § 2255 motion. Specifically, Glover requests that he be permitted an extension of time until after he is allowed out of his cell and has access to the law library computers again. However, this Court lacks jurisdiction to address Glover's request because it presents no case or controversy. *See Bautista*, 548 F. App'x at 254; *McFarland*, 125 F. App'x at 573; *Shipman*, 61 F. App'x at 919. Therefore, any decision rendered by this Court would be an advisory opinion, and Glover's request for

---

[1] Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

an extension of time within which to file his § 2255 motion must be denied without prejudice.

## Conclusion

Considering the foregoing, this case is DISMISSED without prejudice for lack of jurisdiction.

**SIGNED this 9th day of March, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE